The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARLOCK et al.,

        Plaintiffs,

v.

OPTIMISCORP,

        Defendant.

Civil Action No. 3:22-cv-5108-BJR

**ORDER GRANTING MOTION TO AMEND**

## I.    INTRODUCTION

Plaintiffs Patrick and Larene Garlock and Michael and Nancy Jennings ("Plaintiffs") request leave to amend their complaint in response to Defendant OptimisCorp's demand for indemnity from Plaintiffs. Dkt. No. 29. Plaintiffs' proposed amended complaint adds a single claim for declaratory relief, asserting that an indemnity agreement signed by Mr. Garlock and Mr. Jennings after OptimisCorp purchased a promissory note secured by Plaintiffs' personal residences, which is the subject of Plaintiffs' original complaint, is unenforceable. Defendant opposes the motion. Dkt. No. 32. Having reviewed the motion, opposition and reply thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.     STANDARD OF REVIEW

Courts have discretion to allow a party to amend a complaint when justice requires it. Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("leave shall be freely given when justice so requires"). This policy is to be applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). When considering a motion for leave to amend, a court must consider the following five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether there has been a prior amendment. *Nunez v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)). Further, the court must grant all inferences in favor of allowing amendment. *Id*.

## III.    DISCUSSION

It is apparent upon review of the factual background of this case, together with the nature of the claims and counterclaims, that the indemnity agreement that is the subject of the proposed amendment is intertwined with the other issues in this case.  Therefore, amendment must be allowed. The Court is not persuaded by Defendant's objections to the motion. Whether the statute of limitations has run is a question of fact to be determined. As for the forum selection clause, this Court finds that the clause is permissive rather than restrictive, and as such, does not prohibit this Court from exercising jurisdiction over the matter. *See D'Ewart Representatives, L.L.C. v. Sediver USA, Inc.*, 2023 WL 2598949, *3 (W.D. Wash. March 22, 2023).

To the extent the amendment requires adjustment of the previously scheduled case management dates, the Court instructs the parties to present a revised scheduling order (including a fixed date for mediation) to the Court no later than June 21, 2023.

## IV.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Plaintiffs' motion to amend the complaint. The amended complaint, which is attached as Exhibit A to Plaintiffs' motion, shall be filed forthwith. In addition, the parties shall file a proposed revised case schedule on or before June 21, 2023. The proposed schedule shall include a fixed mediation date.

Dated this 6th day of June, 2023.

*Barbara J Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge