The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARLOCK *et al.*,

Plaintiffs,

v.

OPTIMISCORP,

Defendant.

Civil Action No. 3:22-cv-5108-BJR

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON INDEMNIFICATION CLAIM

I.   INTRODUCTION

Defendant OptimisCorp ("Optimis") held a promissory note that was secured by liens on the personal residences of Patrick Garlock ("Garlock") and Michael Jennings ("Jennings") (collectively "Plaintiffs").[1] Plaintiffs filed this lawsuit seeking declaratory judgment that the promissory note was unenforceable because the applicable statute of limitations had expired, and to quiet title against the liens on their personal residences.[2] Optimis, who acquired the promissory note through a loan purchase agreement, filed counterclaims to enforce the note, for attorneys'

---

[1] Plaintiffs' wives, Larene Garlock and Nancy Jennings, are also plaintiffs in this lawsuit.
[2] Plaintiffs originally filed this case in Pierce County Superior Court in December 2021; Optimis removed it to this Court in February 2022. Dkt. No. 1

1

fees under a fee-shifting provision in the note, for damages allegedly caused by Plaintiffs' breach of the loan purchase agreement, breach of the duty of good faith and fair dealing, and unjust enrichment.

In an order dated September 27, 2023 ("the September 2023 Order), this Court determined that the promissory note was unenforceable because the relevant statute of limitations had expired and, as such, Plaintiffs were entitled to quiet title against the liens on their personal residences. The Court also granted Plaintiffs summary judgment on each of Optimis' counterclaims.[3] Dkt. No. 72. However, the September 2023 Order left open the question of whether Plaintiffs are obligated to indemnify Optimis for the fees and costs it incurred in this litigation and ordered supplemental briefing on the issue.[4] Having reviewed the supplemental briefing, the record of the case, and the relevant legal authority, the Court will grant Plaintiffs' summary judgment motion on the indemnity claim as well. The reasoning for the Court's decision follows.

## II.     BACKGROUND

This Court has already resolved most of the issues in this matter; the only outstanding issue is whether Plaintiffs are required to indemnify Optimis for the fees and costs it has incurred in this litigation. Therefore, this background section does not restate the full history of the parties'

---

[3] The Court also denied Optimis' motion for partial summary judgment.

[4] More than a year after Plaintiffs filed this lawsuit, Optimis sent Plaintiffs a letter asserting that they must indemnify Optimis for the fees and costs it has incurred in this litigation pursuant to an indemnity agreement between the parties. Thereafter, Plaintiffs sought leave to amend their complaint to add a claim seeking a declaration that the indemnity agreement is unenforceable and/or that Optimis did not act in good faith and, therefore, Plaintiffs have no obligation to indemnify Optimis. The Court granted Plaintiffs' motion to amend the complaint, but before it did so, Plaintiffs filed their motion for summary judgment on the quiet title claim, Optimis' counterclaims, and, assuming that the Court would grant them leave to add the indemnity claim, for summary judgment on that claim as well. Optimis did not respond to Plaintiffs' arguments regarding the indemnity claim, so this Court ordered additional briefing on the issue.

interactions but instead focuses on the circumstances related to Optimis' claim that Plaintiffs must indemnify it.

On August 17, 2015, Optimis purchased from Heritage Bank a promissory note that was secured by liens on each of Plaintiffs' personal residences. Two days later, on August 19, Plaintiffs signed an indemnification agreement that was drafted by Optimis' legal counsel ("The Indemnity Agreement"). As relevant here, the Indemnity Agreement provides that Plaintiffs will:

> hold harmless, defend and indemnify [Optimis] against any and all claims of [Optimis] or Third Parties participation in a Potential Claim, including, without limitation, Expenses, judgments, fines, settlements and other amounts actually and reasonably incurred in connection with any liability, suit, action, loss, or damage arising or resulting from [Optimis'] participation in a Potential Claim, subject to the limits on indemnification described in the section titled Exceptions to Indemnification.

Dkt. No. 53, Ex. 5, at **Indemnification**. The Indemnity Agreement further states:

> Where prohibited by law, the above indemnification does not include indemnification of [Optimis] against a claim caused by the negligence or fault of [Optimis], its agents or employees, or any third party under the control or supervision of [Optimis], other than [Plaintiffs] or [their] agents or assigns.

*Id*.

On February 3, 2023, over a year after Plaintiffs commenced this lawsuit against Optimis, Optimis' counsel notified Plaintiffs that they must reimburse Optimis for "all fees and costs incurred in connection with [this] litigation" pursuant to the Indemnity Agreement. *Id*. at 3. Optimis claimed that Plaintiffs currently owed it just under $63,000 for attorneys' fees and expenses and that it anticipated that its fees and expenses would total approximately $386,000 by the time the litigation concluded.

### III.  STANDARD OF REVIEW

The standard for summary judgment is familiar: "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine

3

dispute as to any material fact." *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

## IV.   DISCUSSION

Plaintiffs seek a declaration from this Court that they are not required to indemnify Optimis for the expenses it has incurred in this litigation for two reasons. First, they argue that the Indemnity Agreement is not a valid contract because it lacks consideration and mutual assent, is unconscionable, and Plaintiffs were fraudulently induced into signing it. Alternatively, they argue that even if the Indemnity Agreement is an enforceable contract, the clear terms of the Agreement bar Optimis from seeking indemnification for the expenses associated with this lawsuit. Optimis counters that summary judgment is inappropriate because disputes of material fact exist regarding whether consideration, mutual assent, and bad faith existed at the Agreement's execution. The Court does not need to resolve the parties' arguments regarding the formation and execution of the Indemnity Agreement because even if the Court were to resolve each of these arguments against Plaintiffs and determine that the Indemnity Agreement is valid, the clear terms of the Agreement bar Optimis from recovering from Plaintiffs.

### A.   This Lawsuit Is the Result of Optimis' Negligence

As stated above, Plaintiffs instituted this lawsuit challenging Optimis' right to payment of the promissory note alleging that the applicable six-year statute of limitations had expired. As such, Plaintiffs argued, the promissory note was unenforceable, and they were entitled to quiet

title against the liens on their personal residences that secured the note. In the September 2023 Order, this Court agreed, concluding that the applicable six-year statute of limitations began to run on August 17, 2015 (the date that Optimis acquired the promissory note from Heritage Bank) and expired six years later on August 17, 2021. It is undisputed that Optimis never made a demand for payment during that six-year period; indeed, the first time Optimis demanded payment on the promissory note was when it filed its counterclaims in this lawsuit, seven months after the statute of limitations had expired. In other words, the instant lawsuit was the result of Optimis' negligence—its failure to demand payment on the promissory note before the statute of limitations expired.

   The Indemnity Agreement specifically states that Plaintiffs are not required to indemnify Optimis for a claim caused by Optimis' own failure: "Where prohibited by law, the above indemnification does not include indemnification of [Optimis] against a claim caused by the negligence or fault of [Optimis]… ." Dkt. No. 53, Ex 5 at **Indemnification**. The parties dispute whether the Indemnity Agreement is governed by Washington or California law, but the dispute is a distinction without a difference because both states' laws prohibit indemnification for negligence unless the indemnification agreement clearly and unequivocally provides coverage for such losses. *See Northwest Airlines v. Hughes Air Corp.,* 702 P.2d 1192, 1194-1195 (Wash. 1985) (noting that "the general rule [is] that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligence unless this intention is expressed in clear and unequivocal terms"; thus, "for an indemnitor to be found responsible for the indemnitee's own negligence, the agreement must be clearly spelled out"); *Goldman v. Ecco-Phoenix Elec. Corp.*, 396 P.2d 377, 379 (Cal. 1964) (stating that an indemnification agreement may provide for indemnification against negligence, but "the agreement for indemnification must

be clear and explicit" and "must be strictly construed against the indemnitee"); *United States v. Wallace*, 18 F.2d 20, 21 (9th Cir. 1927) ("The established principle is thought to be that general words alone do not necessarily import an intent to hold an indemnitor liable to an indemnitee for damages resulting from the sole negligence of the latter; it is but reasonable to require that an obligation so extraordinary and hard should be expressed in clear and unequivocal terms."). The Indemnity Agreement in this case does not contain the requisite "clear and unequivocal terms". Thus, under both Washington and California law, Optimis is not entitled to indemnification for losses caused by its own negligence.[5]

### B.   Optimis Failed to Act Reasonably

The Indemnity Agreement bars Optimis from recovering from Plaintiffs for a second, distinct reason. The Agreement provides:

> [Optimis] will not be entitled to indemnification from [Plaintiffs] for any Expenses, judgments, fines, settlements and other amounts incurred as the result of [Optimis'] participation in a Potential Claim where:
>
> a.   in the case of a civil claim, [Optimis] did not act in good faith and in a reasonable manner

Dkt. No. 53, Ex. 5 at **Exceptions to Indemnification**. Thus, under the clear terms of the Agreement, Optimis' failure to act reasonably with respect to this lawsuit relieves Plaintiffs of their obligation to indemnify Optimis for any expenses associated with the lawsuit. As this Court has already stated, the instant lawsuit was the result of Optimis' negligent failure to enforce the promissory note before the expiration of the relevant limitations period. Optimis sat on its rights and when Plaintiffs asserted a narrowly tailored lawsuit to extinguish the stale promissory note

---

[5] While neither Washington nor California specifically prohibit indemnification for negligence by statute, it is clear that under both states' laws, indemnification for negligence will not be enforced except in special circumstance, in other words, where the agreement is "clearly spelled out". *Northwest Airlines v. Hughes Air Corp.,* 702 P.2d at 1195.

and remove the associated liens against their homes, Optimis sought—over a year after the lawsuit was filed—to utilize the Indemnity Agreement to force Plaintiffs to indemnify it for the consequences of its own inaction. This is the definition of unreasonableness; the exception to indemnification provision applies and Plaintiffs are relieved of any obligation to indemnify Optimis for its expenses associated with this lawsuit.

Optimis objects that summary judgment is not warranted on this issue because the terms "good faith" and "reasonable manner" are not defined in the Indemnity Agreement and the "parties have advanced contrary views of what that language means," creating a dispute of material fact. Dkt. No. 73 at 7. This Court disagrees. First, Optimis has not offered a contrary view of what "good faith" and "reasonable manner" means. Simply stating that they have a contrary view is not sufficient. And second, this Court concludes that no reasonable jury could find that Optimis acted in a "reasonable manner" under the circumstances. *See Taylor v. Samson*, 321 Fed. Appx. 598, 599 (9th Cir. 2009) ("Because no reasonable jury could find in favor of the plaintiffs on this summary judgment record, the defendants are entitled to judgment as a matter of law."). Thus, under the clear terms of the Indemnity Agreement, Plaintiffs are relieved of any obligation to indemnify Optimis for its expenses associated with this lawsuit.

//
//
//
//
//
//

## V. CONCLUSION

For the foregoing reasons, this Court HEREBY GRANTS Plaintiffs' request for summary judgment on the indemnity claim. Optimis is not entitled to indemnification from Plaintiffs for its fees and expenses associated with this lawsuit. Having resolved all outstanding issues in this matter against Optimis, the case is HEREBY DISMISSED.

Dated December 18, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge